[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10747

Non-Argument Calendar

_____

VENETIA CONDOMINIUM ASSOCIATION, INC.,

Plaintiff-Appellant,

*versus*

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,
a Georgia Insurance Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-23030-JEM

_____

Before BRANCH and LUCK, Circuit Judges.

PER CURIAM:

Upon review of the record and the parties' responses to the jurisdictional questions, Venetia Condominium Association, Inc.'s ("Venetia") unopposed motion to amend its complaint is GRANTED. We deem the complaint amended to reflect that Venetia is a Florida corporation with its principal place of business in Florida. *See* 28 U.S.C. § 1653.

The amended jurisdictional allegations now establish that the parties were diverse and that the district court had subject matter jurisdiction over this action in the first instance. *See* 28 U.S.C. § 1332(a)(1) (providing that federal courts have subject matter jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000); *Id.* § 1332(c) (providing that a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that for subject matter jurisdiction to exist under § 1332, there must be complete diversity of citizenship between all plaintiffs and all defendants). This appeal may therefore proceed.

Venetia is DIRECTED to file in the district court a notice of this opinion and the amended complaint reflecting the amended jurisdictional allegations.